UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KEVIN W. CASSADAY | CASE NO. 22-11555 |
| *Plaintiff*, | |
| v. | HON. THOMAS L. LUDINGTON DISTRICT JUDGE |
| DOW CHEMICAL CO., et al., | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants*. | |
| _____/ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON *SUA SPONTE* DISMISSAL

**I. RECOMMENDATION**

*Pro se* Plaintiff Kevin W. Cassaday filed a five-page complaint on June 25, 2022 alleging criminal acts under 18 U.S.C. §§ 241, 246, 249, 607, 1512, and 1514A by Defendants Dow Chemical Co. ("Dow"), Chief Executive Officer ("CEO") Andrew Liveris, attorney Robert Steelman, Michigan Workers' Compensation official/employee Emil Louis Ognisanti, Lisa Woons, also a Workers' Compensation official/employee, and Grant Hyatt, a physician practicing in Grand Rapids, Michigan.[1] (*Id*. at PageID.1, 5). Because Plaintiff proceeds *in forma pauperis* ("IFP"), (ECF No. 5), I have examined his complaint under 28 U.S.C. §§ 1331, 1343, 1367, and 1915. For the following reasons, I conclude that Plaintiff has failed to state a claim, and therefore his complaint should be *SUA SPONTE* **DISMISSED**.

---

[1] The Court recognizes that "Workers' Compensation" is Michigan's "Workers' Disability Compensation Agency," but adopts the appellation and spelling of Defendants' names and titles as stated in the Complaint.

1

## II.  REPORT

### A.  The Complaint's Allegations

Plaintiff alleges that he "was subject to a trick scheme [and] retaliation prior to Sept. 2012" designed to keep workers' wages low and to deny them just compensation. (ECF No. 1, PageID.1-2). As can best be discerned, the rest of the Complaint relates to a failed Workers' Compensation claim. Plaintiff alleges that Workers' Compensation adjudicators protected the employers' interests over those of employee/workers. (*Id*. at PageID.2). He also alleges that Defendant Steelman "hired [an] unlicensed investigator" to harass him "for years," including "bumping" the car of Plaintiff's spouse on one occasion. (*Id*.). He claims that Defendant Steelman hired "numerous doctors to get the narrative sought by [the] defense" in the apparent Workers' Compensation claim. (*Id*.). Plaintiff contends that the Statute of Limitations on his claims should be tolled because "the abuse has not stopped." (*Id*.). He alleges that Defendants' actions destroyed his marriage" and "ruin[ed]" him. (*Id*.).

Plaintiff alleges that Defendant Liveris engaged in numerous improprieties as a CEO, including insider trading, bribing the President of the United States, eliminating the jobs of "lower workers," enslaving workers, possibly hacking his computer, and manipulating local hospital care by ensuring that individuals representing corporate interests were appointed to the hospital boards. (*Id*. at PageID.3-4). He alleges further that poor working conditions resulted in lumbar spine problems and that he is now "wrongfully imprisoned" due to Defendants' malfeasance. (*Id*. at PageID.4).

2

### B. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### C. Analysis

Plaintiff asserts "violations" of the following federal criminal statutes: 18 U.S.C. § 241 (criminal conspiracy against rights); 18 U.S.C. § 246 (deprivation of relief benefits on account of protected class membership); 18 U.S.C. § 249(a)(1) (hate crime acts); 18 U.S.C. § 607(a)(1) (solicitation of political contributions on federal property); and 18 U.S.C. § 1512 (witness tampering).

None of these criminal statutes provide a private cause of action, and Plaintiff has therefore failed to state a claim on the basis alleged violations of criminal law. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (The plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242). "[T]here is no private right of action" under Title 18 U.S.C. § 246. *Howard v. United States*, No. 15-11901, 2015 WL 4243246, at *2 (E.D. Mich. July 13, 2015) (Borman, J.) (citing *Dugar v. Coughlin,* 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985)). "[Section] 249 provides criminal penalties for crimes involving race, religion, national origin, gender, sexual orientation, gender identity, or disability. But the statute does not authorize a private right of action." *Everage v. Cent. Broad. Sys. Corp., Inc.*, No. CV 7:18-102-KKC, 2019 WL 1063367, at *2 (E.D. Ky. Mar. 6, 2019) (citing *Wolf v. Jefferson Cty., Missouri*, No. 4:15-CV-1174-CEJ, 2016 WL 233247, at *2 (E.D. Mo. Jan. 20, 2016), *aff'd*, No. 16-1442, 2016 WL 10592264 (8th Cir. Oct. 12, 2016)).

Section 607 of the Hatch Political Activity Act, 18 U.S.C. § 594 *et seq*. does not provide for a private cause of action. "[A] violation of the Hatch Act, even if true, cannot be the basis of a privately actionable tort." *Hall v. Clinton*, 143 F. Supp. 2d 1, 6, 2001 WL

425877 (D.D.C. 2001), *aff'd,* 285 F.3d 74, 350 U.S. App. D.C. 422, 2002 WL 506862 (D.C. Cir. 2002). Likewise, "Plaintiff has no private cause of action for an alleged violation of § 1512 . . . . [his] reliance on this federal statute is misplaced." *Phillips-Addis v. Bottrell*, No. 1:20-CV-620, 2021 WL 3711609, at *3 (W.D. Mich. Apr. 28, 2021) (citing *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.), *affirmed* 350 F. Appx. 605 (3d Cir. 2009)), *report and recommendation adopted,* No. 1:20-CV-620, 2021 WL 3710637 (W.D. Mich. Aug. 20, 2021)

Plaintiff also makes a claim under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A(a) (whistleblower protection), which does provide a private cause of action.[2] However, before filing a civil action in federal district court, a plaintiff asserting a violation of the Sarbanes-Oxley Act must first exhaust administrative remedies by filing a complaint with the Secretary of Labor. In this regard, § 1514A(b) provides:

> (b) Enforcement Action.--
>
> (1) In general.--A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by - -
>
>     (A) filing a complaint with the Secretary of Labor; or
>
>     (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.

---

[2] The availability of and procedure for a civil enforcement action is set forth in § 1514A(b), with the available remedies set forth in § 1514A(c).

*See Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 770 (2018) ("Sarbanes-Oxley's anti-retaliation provision contains an administrative-exhaustion requirement and a 180-day administrative complaint-filing deadline…."). "Federal courts lack subject matter jurisdiction over Sarbanes-Oxley retaliation claims until a plaintiff files a complaint with 'Occupational Safety and Health Administration ("OSHA") and afford[s] OSHA the opportunity to resolve the allegations administratively.'" *Bigland v. FCA N. Am. Holdings, LLC*, No. 19-11659, 2019 WL 4934512, at *8 (E.D. Mich. Oct. 7, 2019) (quoting *Verble v. Morgan Stanley Smith Barney*, LLC, 148 F. Supp. 3d 644 (E.D. Tenn. 2015)); *Daly v. Citigroup Inc.*, 939 F.3d 415, 427 (2d Cir. 2019) (citing 18 U.S.C. § 1514A(b)(1)(A)-(B)) ("[T]ext of SOX makes clear that Congress intended for its administrative exhaustion requirements to be a jurisdictional prerequisite to suit in federal court. . . . [T]hat provision expressly grants federal jurisdiction only when specific administrative remedies have been exhausted.").

Plaintiff has not pled that he exhausted his claim under Sarbanes-Oxley, and this Court lacks subject matter jurisdiction unless and until he has done so.[3] *Id*.

Finally, Plaintiff alleges that the CEO of Dow Chemical "gave the 45th president $1,000,000 for inauguration, after inauguration." (ECF No. 1, PageID.3). This is in no way connected to his Sarbanes-Oxley claim, and appears to relate to a possible criminal

---

[3] Plaintiff alleges that he was subject to retaliation "prior to Sept. 2012." (ECF No. 1, PageID.2). His claim would therefore appear to be time-barred. However, he also alleges that notwithstanding any statute of limitations, his claim "should still be allowed to proceed, as the abuse has not stopped…" (*Id*.). The statute of limitations is an affirmative defense. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Plaintiff's Sarbanes-Oxley claim should therefore be dismissed without prejudice, permitting Plaintiff to pursue any available administrative remedies.

violation. Apart from the vague and fanciful nature of this allegation, and as discussed above, criminal statutes do not give rise to private causes of action.

### III. CONCLUSION

For all the reasons stated above, I recommend that the Court *sua sponte* dismiss Plaintiff's claim under the Sarbanes-Oxley Act without prejudice.

I further recommend that the Court *sua sponte* dismiss all other claims with prejudice.

### IV. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

7

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 19, 2022                    S/ PATRICIA T. MORRIS
                                       Patricia T. Morris
                                       United States Magistrate Judge