UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN W. CASSADAY,

        Plaintiff,                              Case No. 1:22-cv-11555

v.                                                 Honorable Thomas L. Ludington
                                                     United States District Judge
DOW CHEMICAL CO. et al.,

                                                      Honorable Patricia T. Morris
        Defendants.                     United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIM UNDER THE SARBANES-OXELY ACT, DISMISSING WITH PREJUDICE ALL OTHER CLAIMS, DENYING PLAINTIFF'S MOTION TO STAY, AND DISMISSING COMPLAINT**

This matter is before this Court upon Magistrate Judge Morris's July 19, 2022 Report and Recommendation ("R&R"), ECF No. 6. On June 27, 2022, Plaintiff Kevin Cassaday filed a complaint against Dow Chemical Co., Grant Hyatt, Andrew Liveris, Emil Louis Ognisanti, and Robert Steelman. Plaintiff's complaint includes six claims, five of which are alleged violations of the following federal criminal statutes: 18 U.S.C. § 241 (criminal conspiracy against rights); 18 U.S.C. § 246 (deprivation of relief benefits on account of protected class membership); 18 U.S.C. § 249(a)(1) (hate crime acts); 18 U.S.C. § 607(a)(1) (solicitation of political contributions on federal property); and 18 U.S.C. § 1512 (witness tampering). Plaintiff's sixth claim is made under the Sarbanes-Oxley Act, 18 U.S.C. § 1514(a) (whistleblower protection).

Plaintiff's Complaint was referred to Magistrate Judge Patricia T. Morris, who recommended that this Court *sua sponte* dismiss Plaintiff's criminal claims with prejudice and *sua sponte* dismiss Plaintiff's Sarbanes-Oxley Act claim without prejudice. ECF No. 6.

Plaintiff objected to Judge Morris's R&R and filed a motion to stay proceedings. ECF No. 7. For the reasons stated hereafter, Plaintiff's objections will be overruled, Judge Morris's R&R will be adopted, Plaintiff's motion to stay will be denied, and Plaintiff's complaint will be dismissed.

I.

Upon receiving objections to an R&R, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Only specific objections are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Further, parties may not raise new arguments in objections that were not presented to the magistrate judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Here, Judge Morris applied the correct legal standard in reviewing the complaint under 28 U.S.C. § 1915(e)(2). Judge Morris summarized the complaint and concluded that Plaintiff failed to state a claim regarding the alleged violations of criminal statutes, as none of the statutes provide a private cause of action. Regarding Plaintiff's Sarbanes-Oxley Act claim, Judge Morris concluded that Plaintiff did not plead that he had exhausted his administrative remedies and, therefore, this Court lacks subject-matter jurisdiction over his claim.

Plaintiff's objections do not address any of the R&R's specific findings of fact or conclusions of law. Although Plaintiff discusses the circumstances surrounding the alleged criminal violations, ECF No. 7, he does not overcome the conclusion that none of the criminal statutes provide a private cause of action. With respect to the Sarbanes-Oxley Act claim, Plaintiff

seemingly addresses exhaustion by stating that he "did contact MIOSHA and was told they 'do nothing in regard to worker injuries.'" ECF No. 7 at PageID.26. Even if contacting the Michigan Occupational Safety and Health Administration was the correct process for filing a complaint with the Secretary of Labor under 18 U.S.C. § 1514(A)(b),[1] Plaintiff may not allege new arguments in objections that he did not raise to the magistrate judge. *See Murr*, 200 F.3d at 902 n.1. Accordingly, this Court will overrule Plaintiff's Objections and Adopt Judge Morris's R&R.

## II.

Plaintiff's motion to stay proceedings will be denied. Generally, courts consider four factors when determining whether to stay a case pending another proceeding: (1) potential of other case to have a dispositive effect on this case; (2) judicial economy; (3) public welfare; and (4) hardship or prejudice to the parties, given the stay's duration. *AES-Apex Emp. Servs., Inc. v. Rotondo*, No. 13-CV-14519-DT, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

All four factors weigh in favor of denying Plaintiff's motion to stay proceedings. Plaintiff provides a list of 30 additional cases in this Court and other courts in which he is a plaintiff. ECF No. 7 at PageID.28–29. Notably, all but two of these cases are closed, and the outcome of the two open cases does not change the lack of a private cause of action in the criminal statutes. Similarly, the outcome of the additional cases does not change Plaintiff's requirement to exhaust his administrative remedies before pursuing a claim under the Sarbanes-Oxley Act. In sum, those cases do not affect this case.

---

[1] Title 18 U.S.C. § 1514(A)(b) directs people alleging wrongful-discharge or other discrimination in violation of § 1514(A)(a) to file a complaint with the United States Secretary of Labor. MIOSHA is a separate, unrelated state agency.

The remaining factors also weigh in favor of denying Plaintiff's motion to stay. Staying a case that involves claims for which Plaintiff has no cause of action and a claim over which this Court does not have subject-matter jurisdiction does not aid judicial economy. This case does not affect public welfare, and Plaintiff has not asserted that he will be prejudiced if the case is not stayed. Even if this Court stayed Plaintiff's case, it would not affect the lack of a private cause of action for Plaintiff's criminal-statute claims or the lack of subject-matter jurisdiction over Plaintiff's Sarbanes-Oxley Act claim.

Accordingly, Plaintiff's motion to stay proceedings will be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objections to Judge Morris's July 19, 2022 Report and Recommendation, ECF No. 7, are **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's July 19, 2022 Report and Recommendation, ECF No. 6, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's claims under 18 U.S.C. §§ 241, 246, 249(a)(1), 607(a)(1), and 1512, are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's claim under 18 U.S.C. § 1514(A)(a) is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion to Stay, ECF No. 7 is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Dated: August 10, 2022    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge